# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LEWIS WOLFE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-048-GKF-TLW |
| EMILY ANN GARCIA; MAYES COUNTY JAIL, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff is a prisoner in custody at the Mayes County Jail and appears pro se. By Order filed February 15, 2017 (Dkt. # 9), the Court granted Plaintiff's motion to proceed in forma pauperis. By Order filed March 29, 2017 (Dkt. # 15), the Court directed Plaintiff to show cause why his complaint should not be dismissed as barred by the two-year statute of limitations applicable to civil rights claims. On April 5, 2017, Plaintiff filed his response (Dkt. # 16). For the reasons discussed below, the Court dismisses this action with prejudice as barred by the two (2) year statute of limitations.

### A. Legal standards

#### 1. Dismissal standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**2. Statute of limitations**

Although a statute of limitations bar is an affirmative defense, questions regarding the statute of limitations may be resolved under Rule 12(b)(6) when it is clear from the face of the complaint that the right sued upon has been extinguished. Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); see also Jackson v. Standifird, 463 F. App'x 736, 738 (10th Cir. 2012) (unpublished)[1] ("Dismissal of a claim as time-barred is treated as a dismissal for failure to state a claim."). No statute of limitations is expressly provided for claims under 42 U.S.C. § 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985), *superseded by statute on other grounds as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383-85 (2004). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. tit. 12, § 95(3). Titsworth v. Okla. Dep't of Corrs., 561 F. App'x 746, 747 (10th Cir. 2014) (unpublished); Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988), *abrogation on other grounds recognized in* Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760 (10th Cir. 2013).

Federal law controls the accrual date and the statute of limitations began to run when a plaintiff knew or had reason to know of the injury underlying his claims. See Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 2004); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir.

---

[1]This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

1995); Johnson v. Johnson Cty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent. Oklahoma law controls the issue of tolling. See Alexander, 382 F.3d at 1217. Oklahoma permits tolling in limited circumstances:

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

Young v. Davis, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." Resolution Trust Corp. v. Grant, 901 P.2d 807, 813 (Okla. 1995).

**B. Plaintiff's claim**

In his complaint, Plaintiff names two defendants: (1) Emily Ann Garcia, employed as Night Shift Supervisor at the Mayes County Jail in 2010, 2011; and (2) Mayes County Jail. See Dkt. # 1 at 1. Plaintiff states that "the defendant listed [Garcia] came onto me by kissing me and fondeling [sic] my genitilia [sic]. Having sexual intercourse. This took place in the Mayes Co. Jail in 2010, 2011." Id. at 2. Based on that statement, Plaintiff identifies one (1) claim as follows:

Count I: Rape, by kissing, fondeling [sic] my genitilia [sic], sexual intercourse and threatening to use my record against me to see that I get life if I told. Mayes County Investigators conducted an investigation in 2011. Defendant was fired from Mayes County Jail for a sexual relationship with me. This all took place in the Mayes Co. Jail in 2010-2011.

Id. In his request for relief, Plaintiff asks for "3.5 million dollars for mental trauma, lost wages." Id. at 3.

**C. Analysis**

According to Plaintiff, the incident(s) giving rise to his claims occurred in 2010-2011. Those are the dates when Plaintiff's claim was or should have been apparent. Thus, without tolling, Plaintiff's statute of limitations expired two (2) years later in 2012-2013. As stated above, Plaintiff filed his complaint on January 30, 2017, or well after expiration of the limitations period. Thus, it appears from the face of Plaintiff's complaint that this matter is barred by the two-year statute of limitations.

Nothing in the complaint suggests that Plaintiff is entitled to tolling of the limitations period. In response to the Court's Order to show cause, Petitioner acknowledges that his "claim exceeds the (2) two year statue [sic] of limitations," but then argues that "it does not change the fact that a sex crime was committed inside a jail against a D.O.C. inmate by an employee of the state who was in [a] position of authority." (Dkt. # 16 at 2). Plaintiff further alleges that

> After she (Emily Garcia) was fired did she engage in a relationship with me. Our relationship ended in 2015, then she allegated [sic] I broke into her car (Burg II) and attempted to burn her car down (Arson III) . . . . She stated several times to me that I was obligated to make a relationship work with her, because she lost jobs, houses, and spent money on me. When we broke up in 2015, she assumed I was coming forward with the Rape action, and she played her threat out. Then I came forward with the claim. I don't feel my claim should be dismissed just merely on limitations on a sex crime . . . . She broke up with me in 2015 and I was arrested 30 min. later for Burg II and Arson III. So, does she get to walk free on a sex crime just because of a statue [sic] of limitations? The Mayes County Sheriff's Office investigated and fired her, and the Mayes County Courts convicted me after denying me access to the law library and is continuing to deny me access.

Id. at 2-3.

To the extent Plaintiff believes that this civil rights action is the equivalent of a criminal action against Defendant Garcia, he is mistaken. Based on Plaintiff's factual allegations, any criminal charge would be filed by the Mayes County District Attorney in Mayes County District Court. In contrast, this is a civil rights case filed by Plaintiff in federal district court. This action, if timely filed, would provide a remedy for violation of Plaintiff's "right to be secure in [his] bodily integrity and free from attack by prison guards." See Keith v. Koerner, 843 F.3d 833 (10th Cir. 2016) (citation omitted). Plaintiff's civil rights claim is not the equivalent of a criminal charge against Defendant Garcia.

Plaintiff failed to file this civil rights action within the two (2) year statute of limitations. Furthermore, Plaintiff fails to establish entitlement to tolling. First, to the extent Plaintiff alleges the limitations period should be tolled because Defendant Garcia threatened to see that Plaintiff received a life sentence if he "told," his allegation fails. Plaintiff acknowledges that "Mayes County Investigators conducted an investigation in 2011." See Dkt. # 1 at 2. Because an investigation was conducted in 2011, county officials had been "told" of the incident in 2011 and Defendant Garcia's threat no longer had any force. Plaintiff fails to explain why he was unable to file this action within two (2) years of the 2011 investigation that resulted in the firing of Defendant Garcia. Second, Plaintiff does not claim that he is incompetent or that any defendant engaged in false, fraudulent or misleading conduct calculated to lull him into sitting on his rights. Plaintiff does not allege that Defendant Garcia attempted to cover-up, conceal, or mislead Plaintiff regarding the 2010-2011 incident giving rise to this civil rights action. Third, Plaintiff does not explain how restrictions on his ability to access to a law library prevented him from filing a civil rights action within two (2)

years of the incident giving rise to the claim. Lastly, Plaintiff has not articulated specific circumstances warranting tolling for exceptional circumstances.

In summary, Plaintiff fails to demonstrate entitlement to tolling and his claim is time-barred. Therefore, this action shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**D. First "prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted because it is time-barred. As a result, the complaint shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**E. Filing fee obligation**

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the $350 filing fee for this case. *See* 28 U.S.C. § 1915(b). To date, Plaintiff has paid $9.12, and the balance owed is $340.88.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's complaint (Dkt. # 1) is time barred and is **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. Plaintiff remains obligated to pay in monthly installments the balance owed on the **$350** filing fee for this case.

5. A separate judgment shall be entered in this matter.

**DATED** this 12th day of April, 2017.

*Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT